UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jose Villavicencio,

    Plaintiff,

v.

City of Columbus, *et al.*,
c/o Zach Klein,

    Defendants.

Case No. 2:25-cv-134

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Proceeding pro se and *in forma pauperis*, Plaintiff sues the City of Columbus ("City") and the Environmental Division of the Franklin County Municipal Court ("Environmental Court") under 42 U.S.C. § 1983. Compl., ECF No. 2.

### I.    COMPLAINT

It appears from the Complaint that the City sued Plaintiff and certain LLCs in the Environmental Court because of various violations with properties Plaintiff (or the LLCs) owns. *See* Compl. at 3, ECF No. 2. It also seems that, perhaps in connection with that lawsuit, the City hired inspectors who, while inspecting the properties, violated internal department procedures and changed often, resulting in an ever-shifting list of purported violations by the properties. *See id.*

Additionally, it seems the Environmental Court held a status conference during the lawsuit, and Plaintiff alleges the City failed to give Plaintiff proper

notice of that status conference, depriving Plaintiff of the opportunity to be heard in the Environmental Court before the properties were placed into a second receivership (the first receiver was terminated at some point). *Id.* The City also later asked the Environmental Court to prohibit Plaintiff from participating in "the court deliberation which eventually resulted in the sale of the properties." *Id.* Plaintiff alleges his exclusion from the "court deliberation" violated multiple provisions of the Ohio Revised Code. *Id.* Based on the above facts, Plaintiff both instituted this federal action and directly appealed the Environmental Court's decisions. *Id.*

Plaintiff seeks various forms of injunctive relief, including: (1) rescission of some of the sales of the properties and a stay of other sales, (2) expungement of Plaintiff's civil state-court record, (3) freezing certain municipal court records for purposes of discovery, and (4) freezing further disbursements of funds to the new receiver of the properties. Plaintiff also asks the Court to "[h]old" the City "responsible" for $300,000 that was paid to the prior receiver and to refund penalties he has thus far paid, *id.*, which could be construed as requests for damages in the amount of $300,000 plus whatever amount he paid in penalties.

## II. PROCEDURAL HISTORY

The Magistrate Judge performed an initial screen of this case pursuant to 28 U.S.C. § 1915(e) and issued a Report and Recommendation ("R&R") recommending the Court dismiss the Complaint for failure to state a claim. R&R, ECF No. 3.

The R&R construes the Complaint as raising a Fourteenth Amendment procedural due process claim under § 1983 and no state-law claims. R&R 4, ECF No. 3. It recommends dismissing the procedural due process claim against the Environmental Court because the Complaint lacks any factual allegations against that defendant. *Id.* Regarding the City, the R&R concludes the Complaint alleges facts against only particular City employees and lacks facts that, if true, would support *Monell* liability[1] against the City itself. *Id.* at 4–5. Thus, the R&R recommends dismissing in full the federal claim.

Plaintiff timely objected. Obj., ECF No. 6.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that Plaintiff properly objected to. Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### IV. ANALYSIS

Plaintiff's objection is largely an improper attempt to add to the factual allegations contained in the Complaint. Plaintiff has not filed an Amended Complaint, despite his ability to do so under Federal Rule of Civil Procedure 15(a), and he cannot do so informally through his objection. *Cf. Bates v. Green*

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

*Farms Condominium Assoc.*, 958 F.3d 470, 484–85 (6th Cir. 2020) ("If plaintiffs believe that they need to supplement their complaint with additional facts . . . , they have a readily available tool: a motion to amend the complaint under Rule 15. Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations . . . not contained in the complaint." (citations omitted)); *Hubbard v. Select Portfolio Servicing, Inc.*, No. 16-cv-11455, 2017 WL 3725475, at *4 (E.D. Mich. Aug. 30, 2017) ("[A]s already explained, any attempt to amend his pleadings via his objections is incompatible with the Federal Rules of Civil Procedure."). As such, the Court disregards all factual allegations contained in the objection but not in the Complaint.

The objection fails to show that any part of the R&R is incorrect vis-à-vis the operative Complaint, ECF No. 2. The objection is therefore **OVERRULED**, and the R&R is **ADOPTED IN PART**.

Although the R&R recommends dismissing Plaintiff's claims against the Environmental Court for failure to state a claim, which would ordinarily be a dismissal without prejudice, the Court dismisses Plaintiff's claims against the Environmental Court **WITH PREJUDICE**. The Environmental Court is not sui juris and therefore cannot be sued. *E.g., Hall v. GMS Mgmt. Co., Inc.*, No. 21-4210, 2022 WL 17858852, at *3 (6th Cir. Aug. 11, 2022) (noting the state courts were not sui juris and were entitled, in any event, to sovereign immunity); *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E. 2d 544, 546 (Ohio 1973) ("A court, however, is not sui juris."); *Malone v. Court of Common*

*Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) ("Absent express statutory authority, a court can neither sue nor be sued in its own right." (internal quotation marks and citation omitted)). Amendment of the Complaint will not change the fact that the Environmental Court is an improper defendant.

Moreover, Plaintiff's claims for injunctive relief, regardless of the defendant, are dismissed **WITHOUT PREJUDICE** pursuant to the *Rooker-Feldman* doctrine. Other than Plaintiff's arguable damages claims and request for a litigation hold on discovery, the remainder of Plaintiff's prayer for relief explicitly seeks to overturn the Environmental Court's orders. Compl. § V, ECF No. 2 (asking this Court to rescind the sales of the properties and stay existing orders for future sales, expunge Plaintiff's civil offenses, and freeze court-ordered disbursements of funds to the existing receiver). Regardless of who the defendant is, this Court lacks jurisdiction to grant such relief. Instead, that is the purview of Plaintiff's state-court appeals or the United States Supreme Court. *E.g.*, *Uraz v. Michigan Dep't of Treasury*, No. 21-1542, 2022 WL 17882592, at *2 (6th Cir. Dec. 20, 2022) ("[T]he *Rooker-Feldman* doctrine bars consideration of Uraz's contention that he did not receive due process during state-court proceedings." (citation omitted)); *Evans v. City of Ann Arbor, Mi.*, No. 22-1774, 2023 WL 5146731, at *6 (6th Cir. Aug. 10, 2023) ("And the requested relief gives away the game: plaintiffs ask us to vacate the state court judgment. It is clear the source of the plaintiff's injury is the state-court judgment itself" (internal quotation marks and citation omitted)); *Antwine v. Hoffner*, No. 17-2395, 2018 WL 2273668, at *2 ("But Judge

O'Grady is not a 'third party'—he is the presiding judge. And errors made by state court judges are barred from federal-court consideration." (citations omitted)); *Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) ("[I]f this court construes *Rooker-Feldman* to allow attacks on a state court's procedural error, then federal courts could extensively review state court trial proceedings, a task belonging to state appellate courts. Therefore, we reject Plaintiff's argument that they were not directly attacking the state court judgment" by arguing the court violated their procedural due process rights while granting summary judgment). Although this lack of jurisdiction cannot be cured by amendment, dismissals for lack of subject-matter jurisdiction are always without prejudice. *Kasidonis v. Hamilton Cty., OH*, No. 1:08cv84, 2009 WL 239326, at * (S.D. Ohio Jan. 29, 2009) ("A dismissal under the *Rooker-Feldman* doctrine is a dismissal without prejudice." (citations omitted)).

Plaintiff's claims for damages against the City, however, are not barred by *Rooker-Feldman* and could potentially be cured through amendment of the Complaint. *Crandall v. Newaygo Cnty., Michigan*, No. 23-1653, 2024 WL 1924827, at *2 (6th Cir. May 1, 2024) ("Because he does not seek an appeal but rather an independent remedy [against the prosecutor and county] for an alleged lack of due process in the form of damages, *Rooker-Feldman* does not apply."). As mentioned above, Plaintiff is entitled to amend his Complaint once as a matter of course. Fed. R. Civ. P. 15(a). Accordingly, if Plaintiff wishes to amend his Complaint, he shall do so by **MAY 30, 2025**. Failure to file an Amended

Complaint by that date will result in dismissal of the claims against the City of Columbus without prejudice and the claims against the Environmental Court with prejudice.

The Clerk shall terminate ECF No. 3.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**