UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE VILLAVICENCIO,

        **Plaintiff,**

    v.                                      Civil Action 2:25-cv-134
                                                Judge Michael H. Watson
                                                Magistrate Judge Chelsey M. Vascura

CITY OF COLUMBUS, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Jose Villavicencio, an Ohio resident proceeding without the assistance of counsel, sues the City of Columbus, the Columbus Code Enforcement Department, and City Prosecutor Christopher Clark under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964 for violations of his Fourteenth Amendment rights and discrimination on the basis of race and sexual orientation, as well as under Ohio Revised Code § 3767.41 for failure to provide required notice of receivership proceedings. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 8) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims (Counts I, III–V) for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e). It is further **RECOMMENDED** that

Plaintiff's remaining state-law claim under the Ohio Revised Code (Count II) be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff's claims arise from allegedly discriminatory property inspections by the City of Columbus's Code Enforcement Department and proceedings commenced by City Prosecutor Christopher Clark that allegedly failed to afford Plaintiff due process. Plaintiff alleges that when inspecting properties owned by LLCs controlled by Plaintiff, City inspectors imposed harsher

3

standards than when inspecting other properties and failed to involve tenants in the inspections. Plaintiff further alleges that Christopher Clark initiated receivership proceedings on a property at 1660 Parsons Avenue without providing notice to tenants as required by Ohio Revised Code § 3767.41. Plaintiff's Amended Complaint advances five counts: (I) *Monell* liability for failure to train City inspectors; (II) failure to provide notice of receivership proceedings to tenants in violation of Ohio Revised Code § 3767.41; (III) depriving Plaintiff of property without due process in violation of the Fourteenth Amendment; (IV) discriminatory property inspections on the basis of race and sexual orientation in violation of the Equal Protection Clause of the Fourteenth Amendment and Title VI of the Civil Rights Act of 1964; and (V) prospective relief to stop ongoing violations of federal law. Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

A.     **Appropriate Defendant**

Plaintiff names the City of Columbus, the Columbus Code Enforcement Department, and City Prosecutor Christopher Clark as Defendants. However, only the City of Columbus is an appropriate Defendant for Plaintiff's federal claims.

Columbus's Code Enforcement Department is not *sui juris*—that is, it lacks the capacity to be sued. *See, e.g.*, *Saint Torrance v. Firstar*, 529 F. Supp. 2d 836, 850 (S.D. Ohio 2007) ("[A] department of the City of Cincinnati, a municipal corporation, is not *sui juris* and cannot be sued absent statutory authority."). "Pursuant to Ohio Revised Code § 715.01, '[e]ach municipal corporation is a body politic and corporate, which . . . may sue and be sued . . . .' O.R.C. § 715.01. However, there is no statutory authority affording a department, such as Cincinnati Water Works, the capacity to be sued. Thus, it appears that the City of Cincinnati is the real party in interest." *Id.* Likewise, it appears in this case that the City of Columbus, already a named

Defendant, is the real party in interest and Plaintiff's claims against the Code Enforcement Department must be dismissed.

Plaintiff also sues City Prosecutor Christopher Clark, specifically in his individual capacity. (Am. Compl. ¶ I(1), ECF No. 8.) But Clark is entitled to absolute immunity from a civil suit for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is overcome only when the prosecutor's challenged conduct was taken as an administrator or investigator, rather than as an advocate. *See Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). Despite Plaintiff's conclusory allegations to the contrary, the Amended Complaint contains no plausible allegations on which this Court could rely to conclude that any exception to prosecutorial immunity applies to exempt Clark from immunity. To the contrary, Clark's commencement of receivership proceedings is a quintessential act of advocacy on behalf of the City. Nor may individuals be held liable for violations of Title VI. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996). Accordingly, Plaintiff's claims against City Prosecutor Christopher Clark must be dismissed.

The undersigned now proceeds to consider the merits of Plaintiff's federal claims[1] against the sole appropriate Defendant, the City of Columbus.

B.     *Monell* **Failure-to-Train (Count I) and Procedural Due Process (Count III)**

Plaintiff alleges that the City of Columbus "maintained customs and policies of inadequate training and supervision even after being made aware of the issues with the inspectors, deliberately indifferent to the constitutional rights of the plaintiff, and ultimately causing deprivations of property and due process as a direct result of the faulty inspections." (Am. Compl., Count I, ECF No. 8.) But Plaintiff's factual allegations do not support the

---

[1] The undersigned also recommends below that all of Plaintiff's claims under Ohio Revised Code § 3767.41 be dismissed without prejudice to re-filing in state court.

assertion that Plaintiff was deprived of property as a result of faulty inspections. At most, Plaintiff alleges that improper inspections led to the initiation of emergency receivership proceedings for a property located at 1660 Parsons Avenue, for which a hearing was scheduled for June 16, 2025. (*Id.* at ¶ IV(A)(6), IV(D).)[2] As Plaintiff's Amended Complaint was filed on May 30, 2025, it is apparent that Plaintiff had advance notice of the upcoming hearing, and no receivership had yet been ordered. Thus, Plaintiff had not been deprived of property as a result of the allegedly faulty inspections as of the filing of his Amended Complaint. And even if Plaintiff is deprived of property in the future, such deprivation would not be without notice and an opportunity to be heard, as required to demonstrate a violation of procedural due process. *See Garcia v. Fed. Nat. Mortg. Ass'n*, 782 F.3d 736, 740–41 (6th Cir. 2015).[3]

Because Plaintiff has not been deprived of property without due process, the City cannot be liable for procedural due process violations whether directly or under a failure-to-train theory. Moreover, although Plaintiff's Count III makes a passing reference to substantive due process, Plaintiff alleges no facts supporting a substantive due process claim. *See, e.g., Guertin v. State*, 912 F.3d 907, 918 (6th Cir. 2019) (substantive due process protects "fundamental rights," including "the right not to be subjected to arbitrary and capricious government action that shocks the conscience and violates the decencies of civilized conduct") (cleaned up). Accordingly, Plaintiff's Counts I and III must be dismissed.

---

[2] Plaintiff also refers to other past proceedings involving other properties, but his Amended Complaint clarifies that his current claims relate only to receivership proceedings as to the property at 1660 Parsons Avenue. (Am. Compl. ¶ IV(D).)

[3] Plaintiff also repeatedly alleges that Defendants failed to provide adequate notice of the receivership proceedings to tenants of his properties, and it is not clear from the Amended Complaint whether tenants had advance notice of the June 16, 2025 receivership hearing. However, Plaintiff lacks standing to assert claims based on lack of notice to anyone other than himself. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

C. **Equal Protection and Title VI Violations (Count IV)**

Plaintiff asserts that City inspectors selectively enforced the building code against properties owned by LLCs controlled by Plaintiff, which amounted to discrimination on the basis of his race (Asian) and sexual orientation (gay). To state a claim for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must allege that "a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Inner City Contracting, LLC v. Charter Twp. of Northville, Mich.*, 87 F.4th 743, 758 (6th Cir. 2023). Similarly, Title VI of the Civil Rights Act of 1964 prohibits any "program or activity receiving Federal financial assistance" from discriminating against any person "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. Just like the Equal Protection Clause, Title VI "proscribes only *intentional* discrimination." *M.J. by & through S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 453 (6th Cir. 2021) (emphasis in original).

Here, Plaintiff alleges no facts supporting intentional discrimination on the part of the City. Plaintiff alleges that City property inspectors cited Plaintiff's properties for code violations that were not enforced against properties owned by others, but he does not allege that those other property owners were not members of his protected classes. The only factual allegations supporting discriminatory intent are that City police officers—not property inspectors—made derogatory comments about Plaintiff's national origin when Plaintiff sought police assistance with trespassers. (*See* Am. Compl. ¶ IV(C)(3)) ("[T]he Columbus Police Department calls Plaintiff 'our favorite Mexican Landlord' when Plaintiff calls for help when people trespass in the properties."). Plaintiff also states that he has heard the statement, "[s]urely, a 'Mexican' cannot be managing so many properties," but does not identify the speaker of this statement. (*Id.* at ¶ IV(C)(14).) Plaintiff thus offers no factual support for his claim that he was subject to discrimination on the basis of his race or sexual orientation. And even if the Court were to

construe Count IV to allege discrimination on the basis of national origin (rather than race and sexual orientation, the protected classes expressly identified by Plaintiff), a single stray comment by a City police officer who had no responsibility for inspecting Plaintiff's properties or initiating receivership proceedings does not plausibly suggest that the inspections or proceedings were undertaken with discriminatory intent. *See Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's Count IV must be dismissed.

D.  **Prospective Relief to Stop Ongoing Violations of Federal Law (Count V)**

Plaintiff's Count V does not appear to be a standalone claim; instead, Plaintiff merely states in Count V that claims for prospective injunctive relief against the State are permitted by the doctrine of *Ex Parte Young,* 209 U.S. 123 (1908). Count V is therefore not a claim and is redundant with Plaintiff's Prayer for Relief, which seeks several injunctions against the City. Because none of Plaintiff's claims are viable in this Court, his request for injunctive relief also fails.

E.  **Violation of Ohio Revised Code § 3767.41 (Count II)**

All that remains is Plaintiff's claim for Clark's failure to provide notice of the receivership proceedings to tenants in violation of the Ohio Revised Code. The undersigned recommends that the Court decline to exercise jurisdiction over this remaining state-law claim. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted).

Here, Plaintiff's allegations regarding violation of § 3767.41 fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court

8

subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claim for violation of § 3767.41 arises under a state statute—not a federal statute, regulation, or Constitution. Nor has Plaintiff alleged that he and Defendants are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his § 3767.41 claim. Because the undersigned recommends dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to re-filing in state court.

## III. DISPOSITION

It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims (Counts I, III–V) for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e). It is further **RECOMMENDED** that Plaintiff's remaining state-law claim under the Ohio Revised Code (Count II) be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those


specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE