UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE VILLAVICENCIO,

    Plaintiff,   :

v.                                  Case No. 2:25-cv-134
                                   Chief Judge Sarah D. Morrison
                                   Magistrate Judge Elizabeth A.
                                   Preston Deavers

CITY OF COLUMBUS, *et al.*,  :

    Defendants.

## ORDER

This matter is before the Court on the June 23, 2025 Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 9.) After performing an initial screen of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Plaintiff Jose Villavicencio's federal claims (Counts I, III–V) for failure to state a claim upon which relief may be granted and decline to exercise supplemental jurisdiction over his remaining state law claim (Count II). (*Id.*) Mr. Villavicencio timely filed an objection to the Report and Recommendation. (Obj., ECF No. 10.) For the reasons below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 9) and **DISMISSES** the Amended Complaint (ECF No. 5).

I.     BACKGROUND

Mr. Villavicencio is an Ohio resident proceeding without assistance of counsel. (Am. Compl., ECF No. 8.) He filed this suit against the City of Columbus, the City's Code Enforcement Department, and Columbus Zone Attorney

Christopher Clark. (*Id.*) Mr. Villavicencio alleges that the City's code enforcement actions (culminating in an emergency receivership over a property of his) violated his constitutional rights, federal civil rights laws, and state law. (*Id.*)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Magistrate Judge performed an initial screen of Mr. Villavicencio's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). (R&R.) Upon review, the Magistrate Judge recommended: that his claims against the City's Code Enforcement Department be dismissed because the Department lacks the capacity to be sued; that his claims against Attorney Clark be dismissed because Attorney Clark is entitled to prosecutorial immunity; that his due process and *Monell* claims be dismissed for failure to allege a deprivation of property or a fundamental right; and that his discrimination claim be dismissed for failure to allege facts giving rise to the plausible inference that intentional discrimination occurred. (*Id.*) The Magistrate Judge further recommended that Mr. Villavicencio's "claim" for injunctive relief fail because his substantive claims are unavailing, and that the

Court decline to exercise supplemental jurisdiction over the remaining state law claim. (*Id.*)

Mr. Villavicencio objects to the Magistrate Judge's Report and Recommendation, largely on the grounds that the City failed to notify his tenants of enforcement proceedings involving the property they occupied. (*See, e.g.*, Obj., PAGEID # 102 ("The city actually *did not* notify the tenants[.]"), PAGEID # 103 ("[T]here was no effort on part of the city prosecutor to notify the tenants."), PAGEID # 105 ("Violation of the procedural due process has to do with tenant notification.").) But, as the Magistrate Judge pointed out, Mr. Villavicencio "lacks standing to assert claims based on lack of notice to anyone other than himself." (R&R, PAGEID # 97 (citing *Spokeo v. Robins*, 578 U.S. 330, 339 (2016)).) In his Objections, Mr. Villavicencio neither argues nor establishes that he has standing to pursue claims arising from an alleged failure to notify his tenants.

The balance of Mr. Villavicencio's Objections reflect mere disagreement with the Report and Recommendation, either arguing that the Magistrate Judge misinterpreted the factual allegations in the Amended Complaint (*see, e.g.*, Obj., PAGEID # 102 (referencing the Magistrate Judge's purported "confusion")) or because Mr. Villavicencio's conclusions about the facts alleged differ from the Magistrate Judge's (*see, e.g., id.*, PAGEID # 104 (disputing that Attorney Clark is entitled to prosecutorial immunity for the conduct at issue)). As to these remaining objections, the Court finds no error in the Magistrate Judge's conclusions or reasoning.

## IV.  CONCLUSION

Mr. Villavicencio's Objection (ECF No. 10) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 9). Mr. Villavicencio's Amended Complaint is **DISMISSED**. Count II is **DISMISSED without prejudice** to refiling in state court.

The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**